United States District Court
Southern District of Texas
**ENTERED**
February 28, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Osama Elwan, § | |
|    Petitioner, § | |
| § | |
| v. § | Civil Action H-18-4719 |
| § | |
| Lorie Davis, § | |
| Director, Texas Department § | |
| of Criminal Justice, Correctional § | |
| Institutions Division, § | |
|    Respondent. § | |

## Memorandum and Recommendation

Osama Elwan has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a prison disciplinary case. (D.E. 1.) Upon preliminary examination of the petition, it plainly appears that Elwan is not entitled to relief. The court recommends that the petition be dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

According to the petition, Elwan is serving a six-year sentence. He was charged in July 2017 in a disciplinary case for conspiring to introduce contraband into a correctional facility. As punishment, he lost 300 days of good time credit, his line class was reduced from L1 to L3, and his family members were removed from his visitation list. He was also removed from an "FI-6" program, which is a referral to a DWI program as a condition of parole. *Carter v. Director, TDCJ*, No. 6:17-cv-106, 2017 WL 3124181 at *2 (E.D. Tex. April 17, 2017); 37 Tex. Admin. Code § 145.12(4)(F).

In his single claim for relief, Elwan argues that his due process rights were violated when his family members were deleted from his visitation list. The relief he seeks is to have his family members placed back on his visitation list. (D.E. 1 at 6.)

Federal habeas relief is not available "absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (internal quotations omitted). In the context of a Texas inmate's challenge to a prison disciplinary proceeding, the focus is on whether the punishment imposed deprived the petitioner of a constitutional right. Thus, the petitioner must show 1) that he has been punished by the loss of good time credits, and 2) he is eligible for release on mandatory supervision. *Buchanan v. Director, TDCJ-CID*, No. 6:17cv505, 2017 WL 6512357 at *1 (E.D. Tex. Dec. 19, 2017). "[T]he Due Process Clause does not protect every change in the conditions of confinement which has a substantial adverse effect upon a prisoner." *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Moreover, even when an inmate loses good conduct time, if he is not eligible for mandatory release, there can be no constitutional violation. This is because it is entirely speculative whether an inmate will be paroled. "[T]here is no constitutional expectancy of parole in Texas." *Id.*

Elwan has not been deprived of any constitutional right. Deletion of his family members from his visitation list constitutes only a change in his conditions of confinement, not the length of his confinement, which does not implicate due process concerns. *Reese v. Davis*, 2018 WL 4599553 at *3 (No. 3:17cv0389, S.D. Tex. Sept. 25, 2018) (recognizing that loss of privileges in prison does not implicate a protected liberty interest).

The same is true of Elwan's reduction in line class. Even inmates eligible for mandatory supervision may not ultimately earn the full measure of good time credit available at a higher time-earning status, and thus there is no constitutionally protected right to be in any particular time-earning class. *Malchi*, 211 F.3d at 959.

2

Elwan was also punished with the loss of good conduct time. Inmates deprived of good time credit are generally entitled to "those minimum procedures appropriate under the circumstances and required by the Due Process Clause" to ensure that their rights are "not arbitrarily abrogated." *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986). In Texas, however, the inmate must be entitled to mandatory supervision before the Due Process Clause is triggered. *See Madison*, 104 F.3d at 768–69 (holding that a prisoner's eligibility for mandatory supervised release must first be established before the court can determine whether the prisoner is entitled to due process protection over his lost good time); *cf. Hinojosa v. Thaler*, 427 F. App'x 354, 355 (5th Cir. 2011) (holding that if the petitioner "is entitled to mandatory supervision under Texas law, due process protections may apply to the loss of his good time credits"); *Rhea v. Davis*, No. CV H-16-0842, 2016 WL 4939357, at *2 (S.D. Tex. Sept. 14, 2016) (Lake, J.) ("In Texas only those inmates who are eligible for the form of parole known as mandatory supervision have a constitutional expectancy of early release."). Elwan states that he is not eligible for mandatory supervision. (D.E. 1 at p. 5) He has no due process liberty interests in the five days of lost good time.

Finally, Elwan has no constitutionally protected right to be placed in the "FI-6" pre-parole program. *Carter*, 2017 WL 3124181 at *2.

Elwan has not established a constitutional violation. The court therefore recommends that the petition for writ of habeas corpus be denied with prejudice. Because reasonable jurists would not find the court's assessment of Elwan's claims debatable or wrong, the court recommends that a certificate of appealability not be issued.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72.

Signed at Houston, Texas, on February 27, 2019.

*Peter Bray*
Peter Bray
United States Magistrate Judge

4